Kirk W. MEEKS, Plaintiff–Appellant,

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 07–15835.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Jan. 22, 2009.

Barbara Marie Rizzo, Esquire, Moss Beach, CA, for Plaintiff–Appellant.

Shea Lita Bond, Special Assistant U.S., Social Security Administration, Office of the General Counsel, Kristina Shute, Esquire, San Francisco, CA, for Defendant–Appellee.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,* District Judge.

### MEMORANDUM **

Kirk W. Meeks appeals from district court's judgment affirming an Administrative Law Judge's ("ALJ") decision denying his applications for social security disabili-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ty benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the judgment of the district court with instructions to remand to the ALJ for the calculation and award of benefits.

■ Because Meeks presented objective medical evidence of degenerative disc disease and a traumatic head injury, the ALJ's failure to provide clear and convincing reasons for rejecting Meeks' subjective symptom testimony is legal error. *See Smolen v. Chater,* 80 F.3d 1273, 1281–82 (9th Cir.1996). The reasons the ALJ did provide were not sufficiently clear and convincing: Meeks' failure to seek medical treatment after 1996 was credibly explained as a consequence of his lack of resources, both mental and financial, to secure treatment. *See Gamble v. Chater,* 68 F.3d 319, 321 (9th Cir.1995) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." (internal quotation marks omitted)). Neither Meeks' restricted activities nor his limited pain medication regime controvert his testimony that radiating pain, fatigue, poor concentration, and his diminished mental capacity prevent him from exerting the sort of sustained effort necessary for gainful employment. *See Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." (internal quotation marks omitted)). Meeks' statement to one doctor that he was looking for work is not to the contrary; if anything, his continued failure to find a job only verifies his disability. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1038–40 (9th Cir.2007); *Erickson v. Shalala,* 9 F.3d 813, 815, 819 (9th Cir.1993).

Finally, the ALJ's inferences from his brief observation of Meeks during the hearing are not clear and convincing reasons for the denial, and, in any event, such inferences may not alone support an adverse credibility determination. *See Orn v. Astrue,* 495 F.3d 625, 639–40 (9th Cir. 2007).

■ The ALJ further erred in failing to provide germane reasons for discrediting the testimony of Meeks' brother-in-law. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir.2005).

■ Appropriately crediting the hearing testimony, the ALJ's conclusion that Meeks could perform his past work or other substantial gainful employment is not supported by substantial evidence. Because there are no outstanding issues and it is clear that a determination of disability is appropriate, *see Benecke v. Barnhart,* 379 F.3d 587, 593–96 (9th Cir. 2004), Meeks has established his entitlement to benefits under the SSA.

**REVERSED AND REMANDED for an award of benefits.**